**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**DIVISION**

CASE NO.

UNITED STATES OF AMERICA

00 - 6049
CIV - HURLEY

Plaintiff

MAGISTRATE JUDGE
LYNCH

vs.

RICHARD F. LYON, D.C.,

Defendant
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney

for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28

U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $87,609.56, plus

interest on this principal amount computed at the rate of 7.625% percent per annum in the amount

of $4,172.84, plus interest thereafter on this principal until the date of judgment, plus administrative

fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated

herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount

due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $91,782.40, plus interest at  percent per annum on the principal amount of $87,609.56, to the date of judgment, plus costs.  Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this _7th_ day of January, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By:

Mary F. Dooley
99 N.E. 4th Street
3rd Floor
Miami, FL  33132-2111
Tel No. (305) 961-9376
Fax No. (305) 530-7195



**DEPARTMENT OF HEALTH & HUMAN SERVICES**     Program Support Center

Rockville MD 20857

# CERTIFICATE OF INDEBTEDNESS

Richard F. Lyon, D.C.
1126 S. Federal Hwy. #442
Ft. Lauderdale, FL 33316
SSN: 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
Ref: 50023321

AUG – 6 1999

**Total debt due United States as of July 31, 1999: $89,458.05 (principal $87,609.56, interest $1,848.49, administrative costs $0.00).**

I certify that the Department of Health and Human Services' records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $87,609.56 from July 31, 1999, at the rate of 7.625%. Interest accrues on the principal amount of this debt at the rate of $18.30 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

On October 30, 1981, as a student at Cleveland Chiropractic College, you applied for and on November 19, 1981, were granted a Health Education Assistance Loan (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p), in the amount of $7,500.00. You were granted an additional loan on November 3, 1982, for $12,500.00.

You signed promissory notes on November 27, 1981, and November 5, 1982, agreeing to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your note and received an assignment.

Upon your leaving Cleveland Chiropractic College, you were furnished with a Repayment Schedule on January 31, 1984, stating that payments would begin on March 1, 1984. You were granted two (2) deferments during the period of March 1984, to February 1985, with notification that payments were to begin thereafter. You made one payment in the amount of $317.91 on April 29, 1985, which was credited to your account.

Due to your failure to continue to make payments the SLMA filed an insurance claim on October 25, 1985, with the Department of Health and Human Services (DHHS). The claim in the amount of $29,704.00 was paid on November 20, 1985, and an assignment of the note was received.



## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - RICHARD F. LYON, D.C.

The DHHS notified you by letter dated November 25, 1985, that the previous holder of your HEAL promissory notes placed you in default and your notes had been assigned to the U.S. Government.

On June 26, 1986, you were notified of the DHHS' intent to exercise its right to declare the entire debt due and payable effective immediately. Failure to remit payment in full by July 7, 1986 or continued non-contact and non-cooperation would result in the referral of your delinquent indebtedness to credit reporting agencies within sixty (60) days from the date of this letter. You did not comply.

In a letter dated January 16, 1987, you were advised that your HEAL debt was in default and that failure to remit payment in full, or enter into a Repayment Agreement would result in your account being referred to the Department of Justice. You did not make any payments, nor did you respond.

In a letter dated April 16, 1987, you were notified that if you did not respond within fifteen (15) days to indicate how you intended to resolve your indebtedness, your account would be referred to the United States Attorney for enforced collection. You did not respond.

In a letter dated September 12, 1988, you were notified that the principal amount of your debt would be referred to the Internal Revenue Service (IRS) for offset of any tax refund to which you might be entitled unless payment in full was received.

On July 28, 1989, you were notified of the DHHS' intent to offset your salary by deductions of fifteen (15%) percent of your disposable income until the indebtedness was paid in full. You were advised that a written response, an RA, or payment in full received within thirty (30) days from the date of this letter, would terminate offset action. You did not comply.

In a letter dated September 8, 1989, you were notified that the principal amount of your debt would be referred to the Internal Revenue Service (IRS) for offset of any tax refund to which you might be entitled unless payment in full was received.

On May 12, 1989 an IRS Offset in the amount of $549.46 was credited to your account.

By letters dated March 8, 1990, and May 21, 1990, you were notified that your loans had been consolidated using the lowest interest rate. Enclosed were instructions for entering into a Repayment Agreement with notice that it must be completed and returned within thirty (30) days.

On July 2, 1990 an IRS Offset in the amount of $156.25 was credited to your account.

In a letter dated September 27, 1990, you were notified that the principal amount of your debt would be referred to the Internal Revenue Service (IRS) for offset of any tax refund to which you might be entitled unless payment in full was received.

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS - RICHARD F. LYON, D.C.

In letters dated January 31, 1991; March 15, 1991; and April 12, 1991, you were provided instructions for entering into a Repayment Agreement (RA) and were advised that it must be completed and returned within thirty (30) days. You did not make any payments, nor did you respond.

On May 10, 1990 an IRS Offset in the amount of $1,018.56 was credited to your account.

By letter dated June 20, 1991, you were notified that your account had been referred to Payco American Corporation for collection. You were advised that your account would be referred to the Department of Justice if you failed to either remit payment in full or enter into a Repayment Agreement. You did not respond.

In a letter dated August 22, 1991, you were notified that the principal amount of your debt would be referred to the Internal Revenue Service (IRS) for offset of any tax refund to which you might be entitled unless payment in full was received.

On March 16, 1992, you were notified that you had sixty (60) days in which to resolve your delinquent debt, or your account would be referred to the Department of Justice. You were offered an alternative which would establish an offset agreement with the Debt Management Branch to have your Medicare and/or Medicaid reimbursements directly forwarded and applied to your account. You were advised that if you were unwilling to establish an offset or a Repayment Agreement, your case would be immediately referred to the Office of the Inspector General (OIG) for initiation of an exclusion from participation in the Medicare Program. You did not comply.

In a letter dated August 25, 1992, you were notified that the principal amount of your debt would be referred to the Internal Revenue Service (IRS) for offset of any tax refund to which you might be entitled unless payment in full was received.

On August 28, 1992, you were notified of the DHHS' intent to offset your salary by deductions of fifteen (15%) percent of your disposable income until the indebtedness was paid in full. You were advised that a written response, an RA, or payment in full received within thirty (30) days from the date of this letter, would terminate offset action. You did not comply.

On September 14, 1992 an IRS Offset in the amount of $1,081.35 was credited to your account.

In a letter dated September 9, 1993, the OIG notified you that as a result of your failure to repay your HEAL debt or to enter into a Repayment Agreement you were being excluded from participation in the Medicare/Medicaid programs thirty (30) days from the date of the letter.

In letters dated October 5, 1993; and October 4, 1995, you were notified that the principal amount of your debt would be referred to the Internal Revenue Service (IRS) for offset of any tax refund to which you might be entitled unless payment in full was received.

,

## PAGE 4 - CERTIFICATE OF INDEBTEDNESS - RICHARD F. LYON, D.C.

By letter dated March 13, 1997, you were notified that your account had been referred to Payco American Corporation for collection. You were advised that your account would be referred to the Department of Justice if you failed to either remit payment in full or enter into a Repayment Agreement. You did not respond.

On March 26, 1998, you were notified that you had sixty (60) days in which to resolve your delinquent debt, or your account would be referred to the Department of Justice. You were offered an alternative which would establish an offset agreement with the Debt Management Branch to have your Medicare and/or Medicaid reimbursements directly forwarded and applied to your account. You were advised that if you were unwilling to establish an offset or a Repayment Agreement, your case would be immediately referred to the Office of the Inspector General (OIG) for initiation of an exclusion from participation in the Medicare Program. You did not comply.

Repeated attempts by DHHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the Department of Justice for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "Department of Justice" and mailed directly to the United States Attorney, Southern District of Flordia, 99 N.E. 4th Street, Suite 300, Miami, FL 33132-2111.

CERTIFICATION: Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.

AUG - 6 1999
Date

Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

# CIVIL COVER SHEET

00-6049
CIV - HURLEY

MAGISTRATE JUDGE
LYNCH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

RICHARD F. LYON, D.C.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  BROWARD

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Broward | 00cv 6049 | Hurley | Lynch

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99NE 4TH ST., SUITE 300, MIAMI, FL  33132
MARY F. DOOLEY, AUSA

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | B☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐X 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF FOR A HEALTH EDUCATION ASSISTANCE LOAN (HEAL) in default. SECTION 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $91,782.40
+ interest & costs

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  [X] NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  1/7/00

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____